IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

PATRICIO ESQUIVEL,

        Plaintiff,

v.                              No. CIV 96-1108 BB/JHG-ACE

SGT. KRIS HENIGMAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## REINSTATING COMPLAINT AGAINST
## DEFENDANT SENA

THIS MATTER comes before the Court on Plaintiff's motion to reinstate his complaint against supervisory defendants. The Court having considered the briefs of counsel and being duly advised, FINDS the motion to reinstate the claims against Joseph Sena is well taken, but the reminder of the motion will be DENIED.

## I. Background

In August 1996, Plaintiff, Patricio Esquivel, filed a complaint *pro se* alleging Sgt. Kris Henigman assaulted Plaintiff while serving on the Emergency Response Team. Plaintiff also named Lt. Joseph Sena who was Henigman's immediate

supervisor.  Plaintiff further named Major Angel Garcia who was in charge at the South facility where Plaintiff was injured and John Shanks, the warden of the Penitentiary of New Mexico.

On December 1, 1996, the Court *sua sponte* entered a memorandum opinion and order finding that Plaintiff had made only vague and conclusory allegations of conspiracy and should file an amended complaint "presenting specific facts tending to show instruction, agreement and concerted action by specific defendants."  The order also instructed the Clerk to send Plaintiff a *pro se* civil rights complaint form with instructions on how to fill it out.  On December 18, 1996, Plaintiff filed an amended complaint.  Plaintiff filled out the form.  He did not name Shanks or Garcia and did not specifically plead a supervisory claim.  On January 10, 1997, the Court again issued a *sua sponte* order noting the failure to name those defendants or state any allegations against them in the amended complaint.  The Court dismissed the claims made against Shanks and Garcia with prejudice.  The Court also dismissed, with prejudice, the claims made against Sena.

## II. Defendants Shanks and Garcia

While it is true *pro se* pleadings must be liberally construed, the Court must assume Plaintiff's failure to name Shanks and Garcia in the amended complaint, after being instructed to specify his claims against them, was an admission he had no complaint against these Defendants. *See Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503 (9th Cir. 1978). Nor does it appear that Plaintiff has uncovered a substantial factual basis to impose supervisory liability on either Garcia and/or Shanks. Even at this late date, Plaintiff can only argue that Shanks was warden and the "use of force reports" showed Henigman's repeated involvement and that Garcia "was the supervisor of the South Facility where the shake own [sic] and beating of the plaintiff occurred." He concludes, "[t]here is no question then that these supervisory defendants had knowledge of at least some of these incidents ...." Pltf's Reply at 3-4.

Under the Eighth Amendment "deliberate indifference" standard, an official acts with "deliberate indifference" only if the "official knows of and disregards an excessive risk to inmate health and safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "It is not enough to establish that the official should have known of the risk of

3

harm." *Id.* Actual knowledge is required. *Id.* Given the fact this case has been pending three years and given Plaintiff's earlier vacillation as to these two Defendants, the Court cannot stretch Plaintiff's allegations of constructive knowledge far enough to justify the amendment.

**Defendant Sena**

Unlike Garcia and Shanks, Plaintiff did name Sena as a Defendant in his first amended complaint, but the Court issued a *sua sponte* order dismissing the claims against Shanks. The Court dismissed the complaint that Plaintiff failed to allege any personal involvement or indeed any link to the assault alleged by Plaintiff. The materials subsequently discovered from Defendant and attached to the present motion indicate there exists a factual predicate for Plaintiff to at least state a claim against Sena. It appears, therefore, the Court's *sua sponte* order was too hasty. Given Plaintiff's prior *pro se* status, justice requires this Court to permit the amendment to reinstate Sena as a defendant. *See Sullivan v. Schweikhard*, 968 F. Supp. 910 (S.D.N.Y. 1997).

## O R D E R

For the above stated reasons, Plaintiff is GRANTED leave to serve an amended complaint against Joseph Sena within twenty (20) days, and the motion is otherwise DENIED.

Dated at Albuquerque this 14th day of September, 1999.

                                                    **BRUCE D. BLACK**
                                                   **United States District Judge**

**Counsel for Plaintiff:**
     Elizabeth E. Simpson, Albuquerque, NM
**Counsel for Defendant:**
     Jerry A. Walz, Walz & Associates, Albuquerque, NM